UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH MAYDAK, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 97-2199 (EGS) Document No.   302 |
| UNITED STATES, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OPINION

This matter is before the Court on defendant's supplemental motion for summary judgment brought in response to the Court's Memorandum Opinion ("Mem. Op.") and Order of March 30, 2006. The outstanding issues concern one aspect of plaintiffs' Privacy Act claim and several aspects of their Inmate Trust Fund Reimbursement Claim. Upon consideration of the parties' submissions and the relevant portions of the record, the Court will grant defendant's motion in part and defer ruling in part.

*Privacy Act Claim*

Regarding the concerns about the maintenance of duplicate photos in incident reports at FCI Beckley, *see* Mem. Op. at 4, the Court is satisfied from the Second Declaration of Kim Williams ("2nd Williams Decl.") that the duplicate photos "[f]or both the incident report and Gang Activity log" were not retrievable by personal identifiers but instead by the method this Court has already determined not to constitute a system of records, *i.e.*, that the retriever "would have to personally know the inmate and go through each photograph, one by one, hoping to recognize the inmate." 2nd Williams Decl ¶ 9b. Summary judgment is now warranted on this issue. *See* Mem. Op. at 4.

2

*Inmate Trust Fund Reimbursement Claim*

Defendant had not provided any information with respect to the reimbursement of misused funds at the Federal Transfer Center ("FTC") in Oklahoma City, Oklahoma. *See* Mem. Op. at 11. Defendant has now shown that "[n]o photographs were ever retained by the FTC staff. Thus, there was no retention of photos by BOP staff paid for or subsidized by the Inmate Trust Fund." 2nd Williams Decl ¶ 13. The reimbursement claim with respect to FTC Oklahoma therefore is moot.

Defendant has clarified its reimbursement scheme. *See* Mem. Op. at 12 (questioning the calculation). It is reimbursing the inmate trust funds at the affected institutions 100 percent of the costs for the duplicate photos and 50 percent of the total cost of the original photos. 2nd Williams Decl ¶ 9(b). Defendant has not, however, resolved the question the Court raised with respect to reimbursement of the fund at FCI McKean. *See* Mem. Op. 12. According to Williams, that fund "was fully reimbursed for [a duplicate copy of all inmate purchased photographs] . . . in the amount of $177 . . . ." 2nd Williams Decl. ¶ 7(d). He does not explain why this reimbursement did not include 50 percent of the cost of the original photos. The Court will defer ruling on this issue pending further explanation.

Finally, defendant has addressed the feasibility of conducting a nationwide audit of Trust Fund expenditures with respect to the inmate photography program during the relevant time period. *See* Mem. Op. at 12. It estimates a two-year period to complete such an audit. First, it would need to conduct an on-site review of each of BOP's facilities, which exceed 100 locations, to determine the manner of the "independently administered" photo programs. *Id*. at 22. Then, "an auditor would be required to manually inspect all of the trust fund files, disciplinary files, and SIS files to determine if any duplicate photos had been retained." *Id*. These tasks are

3

compounded by the fact that "many of the records from the inmate photo program have undoubtedly been destroyed because the time period of the review is more than five years in the past." *Id*. Given the independent nature of these programs, and the absence of class action certification, the Court finds no basis to compel an audit of inmate trust funds at locations where plaintiffs were never confined.

For the preceding reasons, the Court grants in part defendant's supplemental motion for summary judgment and defers ruling in part pending defendant's supplementation of the record with respect to the reimbursement of funds at FCI McKean.[1]

SIGNED:     EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: March 30, 2007

---

[1] A separate Order accompanies this Memorandum Opinion.